122 T.C. No. 9

UNITED STATES TAX COURT

JOYCE E. BEERY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7452-03L.               Filed March 1, 2004.

On Aug. 14, 2002, R issued to P a final notice disallowing her claims for relief from joint and several liability on a joint return for the taxable years 1989 to 1994.  On Nov. 12, 2002, P filed with the Court a timely petition at docket No. 17597-02 challenging R's final notice disallowing her claims for relief from joint and several liability under sec. 6015, I.R.C.  The "stand alone" I.R.C. sec. 6015 case, Joyce E. Beery, Petitioner, Jerome G. Beery, Intervenor, docket No. 17597-02, is currently pending before this Court.

Meanwhile, on Nov. 6, 2002, R issued to P a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the taxable years 1989 to 1994.  On Nov. 15, 2002, R issued to P a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing for the taxable years 1989 to 1994.

On Apr. 17, 2003, R issued to P a Notice of Determination Concerning Collection Action(s).  In the notice, R conceded that it was improper to propose to levy on P's property prior to a final determination regarding her claims for relief under sec. 6015, I.R.C. On the other hand, R determined that filing the notice of Federal tax lien with regard to P's tax liabilities for 1989 to 1994 was appropriate despite her pending claims for relief under sec. 6015, I.R.C.

P filed a timely petition for lien or levy action under secs. 6320 and 6330, I.R.C., challenging R's notice of determination on the ground that R was barred from filing a Federal tax lien against P prior to the entry of a final determination respecting her claims for relief under sec. 6015, I.R.C.  R filed a motion for summary judgment.  P filed an objection to R's motion.

Held:  R was not barred under secs. 6015, 6320, or 6330, I.R.C., from filing a Federal tax lien against P prior to the entry of a final determination respecting P's claims for relief from joint and several liability under sec. 6015, I.R.C.  Held, further, R's motion for summary judgment will be granted.

Joyce E. Beery, pro se.

Glenn P. Thomas and Dennis R. Onnen, for respondent.

OPINION

DAWSON, Judge:  These cases were assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 182.[1]  The Court

---

[1] Section references are to the Internal Revenue Code, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121.  As discussed in detail below, we shall grant respondent's motion.

Background[2]

In Beery v. Commissioner, T.C. Memo. 1996-464 (docket No. 26995-93), we sustained respondent's determination that Joyce Beery (petitioner) and her husband were liable for tax deficiencies and accuracy-related penalties for 1989, 1990, and 1991.  In Beery v. Commissioner, docket No. 8802-96, we sustained respondent's determination that petitioner was liable for tax deficiencies for 1992, 1993, and 1994.  The Court's decision in docket No. 8802-96 was affirmed on appeal by unpublished opinion. See Beery v. Commissioner, 166 F.3d 346 (10th Cir. 1998).

On August 14, 2002, respondent issued to petitioner a final notice disallowing her claims for relief from joint and several liability on a joint return for the taxable years 1989 to 1994. On November 12, 2002, petitioner filed with the Court a timely

---

[2] The record reflects and/or the parties do not dispute the following facts.

petition at docket No. 17597-02 challenging respondent's final notice under section 6015.

In the interim, on November 6, 2002, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the taxable years 1989 to 1994. On November 15, 2002, petitioner submitted to respondent a Request for a Collection Due Process Hearing under section 6330.

On November 15, 2002, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing for the taxable years 1989 to 1994. On December 12, 2002, petitioner submitted to respondent a Request for a Collection Due Process Hearing under section 6320.

On April 17, 2003, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) for the years 1989 to 1994. Respondent conceded in the notice of determination that it was improper to propose to levy on petitioner's property prior to the entry of a final determination regarding her claims for relief under section 6015. On the other hand, respondent determined that it was not improper to file a Federal tax lien against petitioner prior to the entry of a final determination regarding her claims for relief under section 6015.

On May 19, 2003, petitioner filed with the Court a petition for lien or levy action challenging respondent's notice of

determination.[3] Petitioner's sole contention is that it was improper for respondent to file a Federal tax lien with respect to her unpaid taxes for 1989 to 1994 prior to the entry of a final determination with respect to her claims for relief from joint and several liability under section 6015 for those same taxable years.

After filing an answer to the petition, respondent filed a motion for summary judgment. Petitioner filed an objection to respondent's motion repeating her assertion that it was improper for respondent to file a Federal tax lien against her.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965

---

[3] The parties do not dispute that the petition in this case was timely filed under secs. 6330 and 7502(a). At the time the petition was filed, petitioner resided in Los Alamos, New Mexico.

(7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

The record in this case reflects that there is no dispute as to a material fact.  We agree with respondent that he is entitled to judgment as a matter of law.

<u>Lien and Levy Actions</u>

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for taxes when a demand for the payment of the taxes has been made and the person fails to pay those taxes.  Section 6322 provides that the lien imposed under section 6321 generally arises when the Commissioner makes an assessment.  However, section 6323(a) provides that the lien imposed under section 6321 is not valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary has filed a notice of Federal tax lien with the appropriate authorities. <u>Behling v. Commissioner</u>, 118 T.C. 572, 575 (2002).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a Federal tax lien under section 6323.  Such notice must be provided not more than 5 business days after the day of the filing of the notice of lien.  Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing)

within 30 days beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or Federal District Court, as appropriate.

Section 6330(e) provides that levy actions and the running of the period of limitations relating to collections (and other actions) shall be suspended for the period during which an Appeals Office hearing, and appeals therein, are pending.[4]

---

[4] Sec. 6330(e)(1) provides:

SEC. 6330(e) Suspension of collections and statute of limitations.--

(1) In general.--Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under sec. 6502 (relating to collection after assessment), sec. 6531 (relating to criminal prosecutions), or sec. 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. Notwithstanding the provisions of sec. 7421(a), the beginning of a levy or proceeding during

(continued...)

Section 6330(e) generally authorizes the Court to enjoin a levy or proceeding that is begun during the time the suspension under that provision is in effect.

Claims for Relief From Joint and Several Liability

Section 6013(d)(3) provides that if a husband and wife make a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."  However, section 6015(a) provides that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability on such return.

Congress vested this Court with jurisdiction to review a taxpayer's election to claim relief from joint and several liability on a joint return under varying circumstances.  See King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000).  In the instant case, petitioner filed a so-called stand-alone petition (at docket No. 17597-02) seeking judicial review of respondent's disallowance of her claims for relief from joint and several liability.  See sec.

---

4(...continued)
the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court.  The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

6015(e)(1); <u>Mora v. Commissioner</u>, 117 T.C. 279 (2001); <u>Fernandez v. Commissioner</u>, 114 T.C. 324, 328-329 (2000).[5]

Section 6015(e)(1)(B)(i) generally provides that "no levy or proceeding in court" shall be made, begun, or prosecuted against an individual making an election under section 6015 for collection of any assessment to which such election arises until the close of the 90-day period for filing a petition with the Court under section 6015 or, if a petition is filed with the Court, until the decision of the Court has become final (the prohibited period).[6]  Section 6015(e)(1)(B)(ii) generally

---

[5]  A person may also request relief from joint and several liability on a joint return in a deficiency case brought under sec. 6213(a), see <u>King v. Commissioner</u>, 115 T.C. 118, 121-122 (2000), and in a petition for review of a lien or levy action, see secs. 6320(c), 6330(c)(2)(A)(i).

[6]  Sec. 6015(e)(1)(B) provides:

(B) Restrictions applicable to collection of assessment.--

(i) In general.--Except as otherwise provided in sec. 6851 or 6861, no levy or proceeding in court shall be made, begun, or prosecuted against the individual making an election under subsection (b) or (c) for collection of any assessment to which such election relates until the close of the 90th day referred to in subparagraph (A)(ii), or, if a petition has been filed with the Tax Court under subparagraph (A), until the decision of the Tax Court has become final.  Rules similar to the rules of sec. 7485 shall apply with respect to the collection of such assessment.

(ii) Authority to enjoin collection actions.-- Notwithstanding the provisions of sec. 7421(a), the beginning of such levy or proceeding during the time
(continued...)

authorizes the Court to enjoin any "such levy or proceeding" made or begun during the prohibited period.

We find no support in section 6015 for petitioner's position in this case. As previously mentioned, section 6015(e)(1)(B)(i) bars the Commissioner (during the prohibited period) from making or bringing a "levy or proceeding in court" against an individual making an election under section 6015. The provision does not expressly prohibit the Commissioner from filing a Federal tax lien against such an individual. Considering that section 6015(e)(1)(B)(i) specifically precludes the Commissioner from proceeding with a levy against an individual claiming relief under section 6015, we think that same provision would have included express language barring the Commissioner from filing a Federal tax lien against such an individual if Congress intended to prohibit such actions.[7]

In addition, we see no indication that the term "proceeding

_____

[6](...continued)
the prohibition under clause (i) is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this subparagraph to enjoin any action or proceeding unless a timely petition has been filed under subparagraph (A) and then only in respect of the amount of the assessment to which the election under subsection (b) or (c) relates.

[7] See Trent v. Commissioner, T.C. Memo. 2002-285 (holding that the Commissioner was not barred by sec. 6330(e)(1)(B) from offsetting the taxpayer's overpayments for later years against an earlier tax liability for which the taxpayer had claimed relief under sec. 6015).

in court" as set forth in section 6015(e)(1)(B)(i) was intended to refer to the filing of a Federal tax lien. In short, the plain and ordinary meaning of the term "proceeding in court" suggests the filing of a formal lawsuit or complaint by the Government against an individual as opposed to the more informal administrative procedures employed by the Commissioner in the filing of a Federal tax lien.[8] See, e.g., 2 Administration, Internal Revenue Manual (CCH), sec. 5.12.1.14.1, at 16,829. Thus, we hold that respondent was not prohibited from filing the Federal tax lien in dispute under section 6015.

Inasmuch as the petition in this case was filed as a petition for lien or levy action, we must also consider whether sections 6320 and 6330 barred respondent from filing the Federal tax lien against petitioner. Sections 6320 and 6323 authorize the Commissioner to file a notice of Federal tax lien <u>before</u> notifying the taxpayer of his or her right to request an

---

[8] Respondent has adopted the following definition of the term "proceeding in court". Sec. 1.6015-7(c)(4)(ii), Income Tax Regs., provides:

> (ii) Proceedings in court. For purposes of this paragraph (c), proceedings in court means suits filed by the United States for the collection of Federal tax. Proceedings in court does not refer to the filing of pleadings and claims and other participation by the Internal Revenue Service or the United States in suits not filed by the United States, including Tax Court cases, refund suits, and bankruptcy cases.

administrative hearing with regard to the lien.  The record reflects that respondent complied with these provisions.  We also observe that there is no provision in section 6320 or 6330 that prohibits the Commissioner from filing a Federal tax lien against a person who has pending a claim for relief under section 6015.

Consistent with the preceding discussion, and considering the provisions of sections 6320, 6330, and 6015 together, we hold that Congress did not prohibit the Commissioner from filing a Federal tax lien against a taxpayer while such taxpayer has pending a claim for relief from joint and several liability under section 6015.  Congress did, however, bar the Commissioner from levying on such taxpayer's property during the prohibited period.  Sec. 6015(e)(1)(B)(i).  Respondent conceded the latter point in the notice of determination issued to petitioner.  There being no other issue for consideration, we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision for respondent</u>

<u>will be entered</u>.