T.C. Memo. 2005-70

UNITED STATES TAX COURT

KEVIN RYAN ROBINSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16101-03.              Filed April 4, 2005.

Kevin Ryan Robinson, pro se.

Steven M. Webster, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  This matter is before us under Rule 121 on respondent's motion for summary judgment with respect to petitioner's 1997, 1998, and 2000 Federal income tax deficiencies and additions to tax.

Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
| --- | --- | --- | --- |
| 1997 | $55,151 | $12,388 | $2,971 |
| 1998 | 25,421 | 5,720 | 1,154 |
| 2000 | 11,687 | 838 | -- |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Under Rule 91(f)(3), some of the facts have been deemed stipulated and are so found.[1]

At the time the petition was filed, petitioner was a resident of Edgefield, South Carolina.

For 1996, a year not in issue, petitioner filed his 1996 individual Federal income tax return and indicated thereon a

---

[1] On July 9, 2004, respondent filed a Motion To Show Cause Why Proposed Facts In Evidence Should Not Be Accepted As Established (Rule 91(f) motion). On July 27, 2004, the Court issued an order granting respondent's Rule 91(f) motion and directing petitioner to file a response to the motion by Aug. 27, 2004. The July 27, 2004, order also explained that failure by petitioner to respond to any matter set forth in respondent's Rule 91(f) motion, including the proposed stipulation of facts, would result in such matter's being deemed stipulated for purposes of the instant case. Petitioner failed to respond to respondent's Rule 91(f) motion, and, on Sept. 8, 2004, the Court made absolute its July 27, 2004, order, and the facts set forth in the proposed stipulation of facts were deemed stipulated for purposes of trial and opinion herein.

head-of-household filing status and claimed four exemptions. For

1996, $25,184 in Federal income taxes was paid by petitioner.

During 1997, petitioner received income from various sources

as follows:

| 1997 Income | Amount |
|---|---|
| Wages--Homes of the CSRA, Inc. | $186,925 |
| Nonemployee compensation--Belgravia Financial Services, LLC | 1,485 |
| Refund of State income tax | 870 |
| Total | $189,280 |

Additionally, during 1997, $92 in Federal income taxes was

withheld from petitioner's wages.

During 1998, petitioner received income from various sources

as follows:

| 1998 Income | Amount |
|---|---|
| Wages--Homes of the CSRA, Inc. | $105,152 |
| Interest income | 365 |
| Total | $105,517 |

During 1998, no Federal income taxes were withheld from

petitioner's wages.

For 1999, a year not in issue, petitioner filed his 1999

individual Federal income tax return and indicated thereon a

single filing status and claimed four exemptions. For 1999,

$3,154 in Federal income taxes was paid by petitioner.

During 2000, petitioner received income from various sources

as follows:

| 2000 Income | Amount |
|---|---|
| Wages--Genfinity Corporation | $43,112 |
| Wages--Apple Homes Acquisition Corporation | 18,015 |
| Total | $61,127 |

Additionally, during 2000, $7,962 in Federal income taxes was withheld from petitioner's wages.

For 1997, 1998, and 2000, petitioner has not filed Federal income tax returns. Upon audit for each of the years 1997, 1998, and 2000, respondent charged petitioner with the above respective income, treated petitioner as having a single filing status with one exemption, allowed petitioner a standard deduction, and determined the tax deficiencies and additions to tax at issue herein.

On September 22, 2003, petitioner filed with the Court his petition in which petitioner requested a redetermination of his 1997, 1998, and 2000 Federal income tax liabilities.

On November 29, 2004, respondent filed under Rule 121 the instant motion for summary judgment. On January 19, 2005, petitioner filed with the Court a response to respondent's motion for summary judgment in which petitioner made only conclusory allegations with respect to respondent's determinations of petitioner's tax liabilities and additions to tax.

Discussion

Summary judgment is proper "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Beery v. Commissioner, 122 T.C. 184, 187 (2004).

The party opposing the motion "may not rest upon the mere allegations or denials of such party's pleading," but the objecting party's response "must set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (relating to Fed. R. Civ. P. 56).  Summary judgment is appropriate where the objecting party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

However, the burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment, and where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment is to be denied even if the objecting party does not submit opposing evidentiary matter.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970).

We are satisfied herein that there is no genuine issue as to the amount of income petitioner received in 1997, 1998, and 2000 and that a decision may be rendered with regard thereto as a matter of law.

The facts relating to petitioner's wages, nonemployee compensation, refund of State income taxes, and interest income for 1997, 1998, and 2000, as determined by respondent in the notices of deficiency, are established by virtue of petitioner's deemed admissions. Further, petitioner's response to respondent's motion for summary judgment with regard to petitioner's income is vague and is inadequate to avoid summary judgment with regard thereto.

With regard, however, to petitioner's filing status and to the number of exemptions to which petitioner is entitled, we are not prepared to enter summary judgment. In his petition herein, involving 1997, 1998, and 2000, petitioner claimed head-of-household filing status and his own and three additional exemptions. The evidence establishes that for 1996 petitioner claimed head-of-household filing status and that for both 1996 and 1999 petitioner claimed four exemptions without any apparent adjustment thereto by respondent.

In respondent's proposed stipulation of facts, respondent did not ask for any stipulation from petitioner as to petitioner's filing status nor as to the number of exemptions to

which petitioner is entitled. Therefore, we have no deemed admissions relating to those matters. Further, in his motion for summary judgment, although respondent seeks summary judgment as to the bottom line tax deficiencies and the additions to tax he determined against petitioner, respondent does not mention specifically petitioner's filing status nor the number of exemptions to which petitioner is entitled. Accordingly, those matters would appear to be still in issue, and summary judgment would be premature with regard thereto.

With regard to the additions to tax determined by respondent in respondent's notices of deficiency, respondent in his motion for summary judgment specifically refers to and asserts petitioner's liability for each of the additions to tax. By attachments to his Rule 91(f) motion and to his motion for summary judgment, respondent establishes petitioner's failure to file his 1997, 1998, and 2000 Federal income tax returns, and respondent establishes the Federal income taxes withheld from petitioner's wages with regard to his 1997, 1998, and 2000 Federal income tax liabilities.

In his response to respondent's motion for summary judgment, petitioner gives no explanation as to why his 1997, 1998, and 2000 Federal income tax returns were not timely filed and as to why there were underpayments of his 1997 and 1998 Federal estimated income taxes. Respondent has met his burden of

production under section 7491(c) with regard to the section 6651(a)(1) additions to tax for 1997, 1998, and 2000 and the section 6654(a) additions to tax for 1997 and 1998, and petitioner has not provided any facts that raise any issue as to his liability therefor.

For the reasons stated, we shall grant partial summary judgment with regard to the amount of petitioner's 1997, 1998, and 2000 income as determined by respondent and with regard to the applicability of the additions to tax under section 6651(a)(1) for 1997, 1998, and 2000 and section 6654(a) for 1997 and 1998, but we deny summary judgment with regard to petitioner's filing status and exemptions for each of the years in issue.[2]

An appropriate order will be issued.

---

[2] Depending on the eventual outcome of the filing status and exemption issues, the amount of petitioner's tax deficiencies and additions to tax may be adjusted from the amounts set forth in respondent's notices of deficiency.