# United States Tax Court

T.C. Summary Opinion 2025-9

DCSL, LLC,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11416-24SL.                    Filed October 28, 2025.

————

Diego Galeano (an officer), for petitioner.

*Victoria E. Cvek*, *Susan A. Bechtel*, and *Jim Liang*, for respondent.

## SUMMARY OPINION

WAY, *Judge*: This case was brought pursuant to the provisions of section 7463[1] in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case, petitioner, DCSL, LLC, seeks review pursuant to section 6330(d)(1) of a determination by the Internal Revenue Service (IRS or respondent) to uphold a Notice of Intent to Levy (levy notice). Respondent has filed a Motion for Summary Judgment under Rule 121, contending that there are no genuine disputes of material fact and that the determination to sustain the levy was proper as a matter of law. While some of the liabilities referenced in the levy notice have been satisfied and are thus no longer in dispute,

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

the Court agrees with respondent as to the determinations regarding the periods still in dispute. The Court will thus grant the Motion.

*Background*

The following facts are drawn from the parties' pleadings, respondent's Motion papers, and the administrative record of the CDP proceeding. They are stated solely for the purpose of deciding respondent's Motion and should not be construed as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

I.    *Petitioner's Tax Liabilities*

Petitioner is a general contracting business organized as a limited liability company but taxed as an S corporation. Its principal place of business when it filed its Petition was in Rockville, Maryland. Petitioner is wholly owned by Diego Galeano, who serves as the president of the company.

Petitioner electronically filed Forms 941, Employer's Quarterly Federal Tax Return, with balances due for payroll tax liabilities for the periods ending December 31, 2020, and March 31, June 30, September 30, and December 31, 2022.[2] Petitioner incurred additions to tax under section 6651(a)(2) for failure to timely pay tax owed by the original due date for all three tax periods still at issue and under section 6656 for failure to make deposit of taxes for tax periods ending June 30 and September 30, 2022.

II.    *The Collection Proceedings*

On October 12, 2023, as part of his efforts to collect petitioner's unpaid liabilities, respondent issued the levy notice, which apprised petitioner of the right to request a CDP hearing pursuant to section 6330. On November 11, 2023, petitioner requested a CDP hearing, seeking an installment agreement as a collection alternative.

---

[2] Although the Notice of Determination included all five tax periods, petitioner's liabilities for tax periods ending December 31, 2020 and 2022, were fully paid. This case was dismissed as to those two periods for lack of jurisdiction. *See Commissioner v. Zuch*, 145 S. Ct. 1707 (2025). The other three tax periods remain at issue.

In November 2023 petitioner also submitted Form 433–B, Collection Information Statement for Businesses, describing its assets and liabilities. These included both checking and savings accounts with M&T Bank, more than $200,000 in accounts receivable, approximately $110,000 in bank and credit card debt, and $112,361 owed to the business by Mr. Galeano.

Petitioner's case was assigned to IRS Appeals Officer (AO) Patrick Isenberg, who verified that he had no prior involvement with the matter. The CDP hearing was held on March 6, 2024, via telephone conference between petitioner's representative and AO Isenberg. They discussed petitioner's proposed installment agreement, which would have petitioner pay $2,500 per month toward its outstanding liabilities.[3] Petitioner's underlying liabilities were not discussed during the hearing.

AO Isenberg requested a courtesy investigation from Revenue Officer (RO) Sara Arya, who was assigned to conduct a financial analysis of petitioner's assets and liabilities as described on its Form 433–B. RO Arya calculated that petitioner could pay $4,200 per month in an installment agreement. Relying on RO Arya's calculations, AO Isenberg estimated that petitioner would have a net profit of $50,593 for the 2024 tax year. But before qualifying petitioner for an installment agreement, AO Isenberg required petitioner to address Mr. Galeano's ability to tap into the equity of his personal residence and thereafter lend petitioner money as petitioner's president and sole shareholder to help pay off his business's tax debt. AO Isenberg gave petitioner one month to address Mr. Galeano's ability to lend petitioner money from his home equity, to provide any objections to his conclusions, and to provide substantiation to these objections.

Petitioner did not provide objections or documentation to AO Isenberg following this correspondence. Instead, Mr. Galeano called AO Isenberg on May 8, 2024. AO Isenberg explained the financial analysis results and gave Mr. Galeano an extra week from his initial deadline to provide the requested information. Because Mr. Galeano failed to do so, AO Isenberg deemed the case closed. On June 13, 2024, AO Isenberg's

---

[3] Petitioner's representative also discussed during the hearing payments petitioner was making to reduce its employee-portion payroll tax trust fund liabilities. Because these liabilities were not before AO Isenberg and not subject to a collection alternative, we do not consider them or petitioner's payments of them in deciding this case.

manager issued petitioner a Notice of Determination sustaining the levy.

### III. *Petition and Summary Judgment Motion*

Petitioner timely filed its Petition on July 12, 2024, disagreeing with the Notice of Determination and respondent's rejection of petitioner's proposed installment agreement. Respondent filed his Motion on February 12, 2025, and supplemented it on August 15, 2025. Petitioner failed to file a response despite being ordered to do so.

### *Discussion*

### I. *General Principles*

#### A. *CDP Background*

When a tax is assessed and the taxpayer fails to pay within ten days of the Commissioner's notice and demand for payment, the Code authorizes the Secretary to collect the tax by levying upon the taxpayer's property. *See* § 6331(a). However, no levy may be made unless the Secretary has notified the person in writing of the right to a hearing before such a levy is made. *See* § 6330(a).

At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. § 6330(c)(2)(A). The taxpayer may also challenge the existence or amount of the underlying tax liability if it did not receive a Notice of Deficiency or otherwise have an opportunity to dispute the liability. § 6330(c)(2)(B). The determination by the Appeals officer must take into consideration the relevant issues raised by the taxpayer, as well as verification that the requirements of any applicable law or administrative procedure have been met and whether any proposed collection action balances the need for the efficient collection of tax with the legitimate concern of the person that any collection action be no more intrusive than necessary. § 6330(c)(3).

#### B. *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). The Court may grant summary judgment when the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2). In deciding whether to grant a motion seeking summary judgment, the Court is to view factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The Court concludes that summary judgment is proper here because respondent has shown that there are no genuine disputes as to any material fact. *See Beery v. Commissioner*, 122 T.C. 184, 187 (2004).

Because petitioner did not respond to the Motion for Summary Judgment, either as originally filed or as supplemented, we could rule against it for that reason alone as permitted by Rule 121(d). We will nevertheless address respondent's Motion on the merits.

### C. *Jurisdiction and Standard of Review*

The Court has jurisdiction to review appeals from the Commissioner's determinations in lien and levy actions. *See* § 6330(d)(1); *Ginsburg v. Commissioner*, 130 T.C. 88, 92 (2008). In CDP cases such as this where the underlying liability is not in dispute,[4] the Court reviews the Commissioner's determinations for abuse of discretion. *See Sego v. Commissioner*, 114 T.C. 604, 610 (2000).

In reviewing for abuse of discretion, the Court must uphold an AO's determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See, e.g.*, *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *LG Kendrick, LLC v. Commissioner*, T.C. Memo. 2016-22, at *11–12, *aff'd*, 684 F. App'x 744 (10th Cir. 2017). Matters raised after a hearing do not reflect on whether the Commissioner's determinations were an abuse of discretion. *Sego*, 114 T.C. at 612.

### II. *Analysis*

In deciding whether the AO abused his discretion in sustaining the levy, the Court considers whether he (1) properly verified that the requirements of applicable law or administrative procedure were met, (2) considered relevant issues petitioner raised, and (3) considered

---

[4] While petitioner's liabilities are not of the kind that would lead to the issuance of a Notice of Deficiency, dispute of the underlying liabilities is nevertheless not properly before the Court because petitioner failed to contest its underlying liabilities at the CDP hearing. *See Giamelli v. Commissioner*, 129 T.C. 107, 114–16 (2007); *Goza v. Commissioner*, 114 T.C. 176, 182–83 (2000).

"whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." *See* § 6330(c)(3); *Casement v. Commissioner*, T.C. Memo. 2024-68, at *7.

A.    *Verification*

The Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the section 6330 hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). The record shows that AO Isenberg properly verified that all applicable laws and administrative procedures were followed in respondent's issuance of the levy notice. *See* § 6330(c)(1).

B.    *Issue Raised*

The sole issue raised by petitioner and considered at the CDP hearing concerned collection alternatives and the possibility of petitioner's entering into an installment agreement to satisfy its tax debt. Respondent rejected petitioner's proposed installment agreement of $2,500 per month in part because AO Isenberg assumed that Mr. Galeano could borrow against equity in his home and then lend the borrowed proceeds to petitioner. But before qualifying petitioner for an installment agreement, AO Isenberg required it to address Mr. Galeano's ability to lend petitioner money via his home equity and report back to respondent.

The Internal Revenue Manual (IRM) explains that an AO must determine an officer's ability to lend the business money to pay its tax debt. IRM Exhibit 5.15.1-1 (Q&A-13) (Nov. 22, 2021). The IRM does not have the force of law and confers no rights on taxpayers but can nevertheless be persuasive authority. *See Romano-Murphy v. Commissioner*, 816 F.3d 707, 719 (11th Cir. 2016), *vacating and remanding* T.C. Memo. 2012-330; *Fargo v. Commissioner*, 447 F.3d 706, 713 (9th Cir. 2006), *aff'g* T.C. Memo. 2004-13.

AO Isenberg relied on this IRM provision and RO Arya's financial analysis to arrive at his proposed installment agreement of $4,200 per month. AO Isenberg then asked petitioner to address its ability to obtain money via a loan through Mr. Galeano's home equity, as well as any objections and substantiation to refute the analysis and equity assumptions underlying respondent's proposed installment agreement. While Mr. Galeano later called AO Isenberg, the record fails to show

that petitioner provided to AO Isenberg any such refutations during the more than monthlong deadline that he proposed. The Commissioner does not abuse his discretion in denying a collection alternative when a taxpayer fails to present relevant evidence and neglects to provide requested documents. *See McRae v. Commissioner*, T.C. Memo. 2015-132, at *10–11.

In its Petition, petitioner states that it will provide an updated financial statement and evidence of its inability to borrow (indirectly) through Mr. Galeano's equity. Petitioner proffered no such evidence in this case, but even if it had, there was no abuse of discretion by AO Isenberg in sustaining the levy when petitioner failed to provide such evidence to him during or following the CDP hearing. As stated earlier, matters raised after a hearing do not reflect on whether the Commissioner's determinations were an abuse of discretion. *See Sego*, 114 T.C. at 612.

C. *Balancing*

Section 6330(c)(3)(C) requires Appeals to take into consideration whether a proposed collection action balances the need for efficient tax collection with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. As to this requirement, the Notice of Determination before the Court states that AO Isenberg considered petitioner's proposed $2,500 per month installment agreement but, as discussed above, concluded this amount was too low given the ability of petitioner's sole owner to lend the business funds by accessing equity in personal assets.

AO Isenberg used RO Arya's financial analysis to conditionally offer an installment agreement that, while greater than the amount proposed by petitioner, would have served as the same form of collection alternative which petitioner sought for relief. He gave petitioner a month to confirm its ability to borrow money from Mr. Galeano by way of his home equity and to offer objections and documentation to refute the financial analysis, but petitioner failed to do so. Because petitioner failed to address its ability to obtain a loan from Mr. Galeano, AO Isenberg appropriately concluded that it did not qualify for an installment agreement. Even if it had qualified, it still did not provide the additional financial information refuting the proposed $4,200 per month installment agreement. Thus, AO Isenberg did not have a viable alternative for a less intrusive collection action.

The administrative record further shows that AO Isenberg considered petitioner's attempts to come into payroll tax filing compliance but that such compliance did not nullify Mr. Galeano's ability to access equity in his personal residence as petitioner's officer. The Court concludes these efforts and considerations to be sufficient. Thus, Appeals properly determined that the proposed levy balanced the need for efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary.

III.    *Conclusion*

Finding no abuse of discretion in Appeals' determination to sustain the levy, the Court will grant respondent's Motion. Appeals' determination to sustain the proposed levy for the periods ending March 31, June 30, and September 30, 2022, is affirmed.

To reflect the foregoing,

*An appropriate order and decision will be entered.*