T.C. Memo. 2014-98

UNITED STATES TAX COURT

CHARLES ALLISON MAYHUGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23438-11L.                    Filed May 22, 2014.

Charles A. Mayhugh, pro se.

<u>Robert J. Braxton</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  Respondent issued to petitioner a

<hr>

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended (Code) and in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  In response to the notice of determination, petitioner timely filed a petition pursuant to section 6330(d).  The issue we have been asked to decide is whether the Appeals Office abused its discretion in sustaining respondent's collection action.

## Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments.  Petitioner resided in Virginia at the time he filed his petition.

Petitioner timely filed his Federal income tax return for his 2009 tax year.  Respondent subsequently assessed against petitioner his unpaid tax of $23,074.27 for his 2009 tax year.

On January 25, 2011, respondent sent to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, informing him that respondent had filed a notice of Federal tax lien (NFTL) for petitioner's unpaid tax liability for his 2009 tax year.  On February 28, 2011, respondent received from petitioner a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing.  On the Form 12153 petitioner requested to enter into an installment agreement and to have the NFTL withdrawn because he alleged

**[*3]** that it would adversely impact his relationships with his clients, who review his credit report before contracting with him.[2]

On August 2, 2011, Settlement Officer Eva Holsey in the Appeals Office sent petitioner a letter informing him that a CDP hearing via telephone conference had been scheduled for September 7, 2011, to allow him an opportunity to discuss the appropriateness of the collection action and potential collection alternatives. The letter also directed petitioner to inform respondent by August 17, 2011, if the scheduled conference date was inconvenient or if petitioner preferred a face-to-face hearing. In the letter, Ms. Holsey confirmed that the Appeals Office had received some bank mortgage statements and utility bills from petitioner. However, Ms. Holsey found the information in those documents to be inadequate and, therefore, requested that petitioner submit by August 17, 2011, additional financial information as well as a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. She also reiterated that the

---

[2]Aside from the bare allegation of adverse impact on his client relationships, petitioner submitted no additional factual information regarding his claim. Additionally, on the Form 12153 petitioner requested a collection due process (CDP) hearing for his 2007 and 2008 tax years, in addition to his 2009 tax year. On June 11, 2011, respondent notified petitioner that no Federal tax lien or levy action had been taken with regard to petitioner's 2007 or 2008 tax year and, therefore, that no CDP hearing could be scheduled with regard to those tax years. Petitioner has not made any claims with regard to those years in his petition, so we do not address them further. See Rules 31(a), 331(b)(4).

[*4] Appeals Office could not consider collection alternatives without the requested Form 433-A and other financial information.

On September 7, 2011, Ms. Holsey and petitioner participated in the scheduled CDP hearing. Petitioner did not submit the requested Form 433-A or financial information before the CDP hearing. During the CDP hearing petitioner informed Ms. Holsey that his clients were banks that checked his credit before contracting for his services and that an NFTL would have adversely affected his ability to enter into such contracts, to generate income, and, therefore, to pay his outstanding Federal income tax liability.

On September 13, 2011, the Appeals Office issued to petitioner a notice of determination upholding the NFTL. On October 13, 2011, petitioner timely petitioned this Court for review of respondent's notice of determination. Respondent filed a motion for summary judgment on November 27, 2012. Petitioner did not submit a response to respondent's motion for summary judgment.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision

**[\*5]** may be rendered as a matter of law.  Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994); <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine dispute as to any material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520.  However, the party opposing summary judgment must "go beyond the pleadings and by * * * [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'" set forth specific facts that show a genuine dispute as to a material fact exists.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> Rule 121(d); <u>King v. Commissioner</u>, 87 T.C. 1213, 1217 (1986).  Petitioner failed to respond to respondent's motion for summary judgment after being ordered to file a response and has failed to otherwise indicate that there exists a genuine dispute as to some material fact that would require trial.  Consequently, we conclude that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  <u>Cheli v. Commissioner</u>, T.C. Memo. 2013-200, at \*4-\*5.  Nevertheless, for completeness, we will briefly address the main points that petitioner raised.

**[*6]**    Pursuant to section 6321, the Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal tax upon demand for payment and failure to pay.  See Iannone v. Commissioner, 122 T.C. 287, 293 (2004).  However, section 6320(a)(1) requires the Commissioner to give a taxpayer written notice of the filing of a Federal tax lien upon that taxpayer's property.  The notice of filing must inform the taxpayer of the right to request a hearing with the Appeals Office.  Sec. 6320(a)(3).

If a taxpayer requests a hearing in response to an NFTL pursuant to section 6320, a hearing shall be held before an impartial officer or employee of the Appeals Office.  Sec. 6320(b)(1), (3).  Section 6330(c) governs how a collection due process hearing is conducted.  See sec. 6320(c).  At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Secs. 6320(c), 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest.  Gray v.

**[\*7]** <u>Commissioner</u>, 138 T.C. 295, 300 (2012), <u>aff'd</u>, 723 F.3d 790 (7th Cir. 2013); <u>Katz v. Commissioner</u>, 115 T.C. 329, 339 (2000).  If the validity of the underlying tax liability is not properly in issue, we will review the Appeals Office's determination for abuse of discretion.  <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  However, where the validity of the underlying tax liability is properly in issue, we will review that matter de novo.  <u>Id.</u>

Following a hearing, the Appeals Office must determine whether to sustain the filing of the NFTL.  Pursuant to section 6330(d)(1), this Court has jurisdiction to review the determination made by the Appeals Office in connection with the section 6320 hearing.  Sec. 6320(c).  We have jurisdiction over this matter because petitioner filed a timely petition for review in response to respondent's valid notice of determination to proceed with collection action.  <u>See</u> sec. 6330(d)(1).

We do not review issues raised under section 6330(c)(2), including the validity of the underlying liability, if the taxpayer did not raise those issues at the CDP hearing.  <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 115 (2007); <u>see also</u> sec. 301.6330-1(f)(2), A-F3, Proced. & Admin. Regs.  Moreover, in a lien or levy action under section 6320 or section 6330 before this Court, the petition must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination."  Rule

**[\*8]** 331(b)(4). Any issue not raised in the assignments of error shall be deemed conceded. Id. Because petitioner did not challenge the validity of the underlying tax liability during the CDP hearing or in his petition, we conclude that he is precluded from challenging the validity of the underlying tax liability. Giamelli v. Commissioner, 129 T.C. at 115.

Because the validity of the underlying tax liability is not properly in issue, we will review the Appeals Office's determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182. In reviewing for abuse of discretion, we will reject the determination of the Appeals Office if the determination was arbitrary, capricious, or without sound basis in fact or law. See Rule 142(a); Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). However, we do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe the lien should be withdrawn. See Murphy v. Commissioner, 125 T.C. at 320. Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed collection action, and (3) determined whether any proposed collection action balances the

**[*9]** need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(1)-(3).

Petitioner contends that respondent abused his discretion by not withdrawing the NFTL. Pursuant to section 6323(j), an NFTL may be withdrawn without full payment and without prejudice under the following conditions: (1) the filing of the NFTL was premature or otherwise not in accordance with administrative procedures of the IRS; (2) the taxpayer had entered into an installment agreement under section 6159 to satisfy the tax liability for which the NFTL was imposed by means of installment payments, unless such agreement provides otherwise; (3) withdrawal of the NFTL will facilitate collection of the tax liability; and (4) with the consent of the taxpayer or the National Taxpayer Advocate (NTA), the withdrawal of such notice would be in the best interest of the taxpayer (determined by the NTA or the taxpayer) and the United States. See Skidmore v. Commissioner, T.C. Memo. 2012-328, at *14-*15; sec. 301.6323(j)-1, Proced. & Admin. Regs. If the Commissioner determines conditions for withdrawal are present, the Commissioner may, but is not required to, authorize the withdrawal. Sec. 301.6323(j)-1(c), Proced. & Admin. Regs.

**[\*10]** In his petition, petitioner contends that his clients check his credit before contracting for his services and that an NFTL would adversely affect his ability to enter into such contracts, to generate income, and, therefore, to pay his outstanding Federal income tax liability. However, during the CDP hearing and throughout the instant case, petitioner neither averred facts through an affidavit or other evidence nor advanced any detailed argument pursuant to section 6323(j) in support of his contention. See Celotex Corp., 477 U.S. at 324. Accordingly, we conclude that respondent did not abuse his discretion when he upheld the NFTL.

Petitioner also contends that respondent abused his discretion when he denied petitioner's request for an installment agreement. To be eligible for a collection alternative, such as an installment agreement, the taxpayer must provide required returns and provide requested financial information, including Form 433-A, to the Appeals Office. Sec. 301.6159-1(b), Proced. & Admin. Regs.; see also Lance v. Commissioner, T.C. Memo. 2009-129, 2009 WL 1563422, at \*3-\*4; Schwersensky v. Commissioner, T.C. Memo. 2006-178, 2006 WL 2456484, at \*4. The record establishes that Ms. Holsey requested that petitioner submit before the scheduled CDP hearing a Form 433-A and additional information. She also reiterated that the Appeals Office could not consider collection alternatives without the requested information. Despite these requests,

[*11] petitioner failed to submit the requested Form 433-A or financial

information before the CDP hearing and failed to request additional time to submit

the requested forms and information.[3]  Accordingly, respondent did not abuse his

discretion by denying petitioner's request for an installment agreement.  See

Balsamo v. Commissioner, T.C. Memo. 2012-109, 2012 WL 1231985, at *4;

Huntress v. Commissioner, T.C. Memo. 2009-161, 2009 WL 1883984, at *5;

Prater v. Commissioner, T.C. Memo. 2007-241, 2007 WL 2389549, at *2.

Petitioner has not advanced any argument or submitted any documentation

that would allow us to conclude that the determination to sustain the NFTL was

arbitrary, capricious, or without sound basis in fact.  The Appeals Office

determined that the requirements of applicable law and administrative procedure

were met and concluded that the proposed NFTL appropriately balanced the need

for efficient collection of taxes with petitioner's concerns regarding the

intrusiveness of the collection action.  Consequently, we hold that the Appeals

---

[3]In his petition, petitioner alleges that, despite not being offered an installment agreement, he has been making monthly payments towards his outstanding tax liabilities for his 2007, 2008, 2009, and 2010 tax years, and has made estimated tax payments for his 2011 tax year.  Respondent does not disagree with petitioner.  However, petitioner's voluntary payments do not, on their own, qualify him for an installment agreement.  As we note above, petitioner must provide the requested Form 433-A and supporting financial information if he desires to enter into an installment agreement or other collection alternative.

**[*12]** Office did not abuse its discretion when it issued a notice of determination upholding the proposed NFTL.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.