# United States Tax Court

T.C. Memo. 2024-31

GEORGE MCDONALD WHITE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 23133-22L.                          Filed March 14, 2024.

_____

George McDonald White, pro se.

*Ka (Matt) Tam*, *Nhi T. Luu*, and *Catherine J. Caballero*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

FRIED, *Special Trial Judge*: In a Notice of Determination Concerning Collection Action(s) Under Section 6320[1] and/or 6330 (notice of determination), dated September 20, 2022, respondent determined that it was appropriate to collect by levy petitioner's outstanding 2016 federal income tax liability (underlying liability).

The issue for decision is whether the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals) abused its discretion in sustaining the proposed collection action.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**Served 03/14/24**

[*2]                    FINDINGS OF FACT

The absence of a stipulation of facts notwithstanding, *see* Rule 91, the relevant facts are relatively straightforward and easily summarized. Petitioner resided in Maryland when he timely filed his Petition.

Petitioner's 2016 federal income tax return showed a balance due, which he did not pay when he filed the return. In due course, respondent assessed the tax shown on the return together with interest and an addition to tax for failure to timely pay and notified petitioner of the balance due.

On August 16, 2021, respondent issued to petitioner a Notice CP90, Notice of Intent to Seize Your Assets and of Your Right to a Hearing, with respect to petitioner's underlying liability. In response, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. He requested consideration of an installment agreement and further requested "freezing collection proceedings until [his] circumstances improved."

On May 26, 2022, an IRS Appeals Officer (AO), to whom petitioner's case was assigned, sent to petitioner Letter 4837, Appeals Received Your Request for a Collection Due Process Hearing. The AO requested a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, signed tax returns for tax years 2018 through 2021, proof of estimated tax payments, and financial documentation. Petitioner submitted Form 433–A and some of the requested financial documentation.

During the collection due process (CDP) proceeding, petitioner informed the AO that the primary reason for the liability was that the company he worked for erroneously failed to withhold federal taxes. The AO requested that if petitioner's intent was to request reasonable cause penalty abatement on the basis of this error, then petitioner should submit his request in writing with supporting documentation. Petitioner did not do so. The AO also advised petitioner on several occasions that a collection alternative could not be pursued until petitioner had filed the missing tax returns for tax years 2018 through 2021.

After a financial analysis, the AO determined that petitioner could make monthly payments toward an installment agreement. Alternatively, the AO determined that petitioner had sufficient equity in both his primary residence and rental property to fully pay the underlying liability. Because of petitioner's failure to demonstrate

[*3] current compliance with the filing of tax returns or estimated tax payments and his failure to submit requested documentation, the AO determined that petitioner was not eligible for a collection alternative.

On September 20, 2022, respondent issued the notice of determination upholding the proposed levy with respect to petitioner's underlying liability. An attachment to the notice stated, among other things, that petitioner had not challenged his underlying liability at any time during the CDP proceeding.

OPINION

I.     *Standard of Review*

We have jurisdiction to review a determination by Appeals pursuant to section 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). We review all other determinations for abuse of discretion. *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. In reviewing for abuse of discretion, we uphold the determination of Appeals unless it is arbitrary, capricious, or without sound basis in fact or law. *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at *9.

II.    *Underlying Liability*

A taxpayer may challenge the underlying tax liability during a CDP proceeding if the taxpayer did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability. I.R.C. § 6330(c)(2)(B); *see also Montgomery v. Commissioner*, 122 T.C. 1, 8–9 (2004) (holding that taxpayers are allowed to challenge the underlying liability where the taxpayers self-assessed their underlying liability and did not receive a statutory notice of deficiency). The Court may consider the challenge only if the taxpayer properly raised it during the CDP proceeding before the AO. *Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007). An issue is not properly raised if the taxpayer fails to request Appeals consideration of the relevant issue or if the taxpayer requests consideration but fails to present any evidence after being given an adequate opportunity to do so. *LG Kendrick, LLC v. Commissioner*, 146 T.C. 17, 34 (2016), *aff'd*, 684 F. App'x 744 (10th Cir. 2017); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3.

**[\*4]** Because the assessment for 2016 was based upon a liability reported as due on a return filed for that year, *see* I.R.C. § 6201(a)(1), and petitioner had no prior opportunity to dispute it, he was entitled to challenge the existence or amount of that liability during the CDP hearing, *see Montgomery*, 122 T.C. at 9–10. The record is unclear as to whether petitioner raised a challenge to the underlying liability during the CDP hearing. Even assuming arguendo that he did, during the CDP hearing petitioner did not "present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see also LG Kendrick, LLC*, 146 T.C. at 34 (holding that taxpayer did not properly raise issue of underlying liability where it failed to produce evidence regarding liabilities during CDP hearing). Moreover, petitioner did not raise the issue in the Petition or at trial. In view of the foregoing, we conclude that petitioner has not properly raised the issue before Appeals or this Court, and the underlying liability is not properly at issue. Accordingly, we will review respondent's notice of determination for abuse of discretion. *See Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182.

III.   *Abuse of Discretion*

Petitioner bears the burden of proving that the AO's actions constituted an abuse of discretion. *See* Rule 142(a); *see also Woodral v. Commissioner*, 112 T.C. 19, 23 (1999). This Court has consistently held that an AO does not abuse his discretion in rejecting a collection alternative where he finds that the taxpayer is not in current compliance with tax laws. *See Balsamo v. Commissioner*, T.C. Memo. 2012-109, 2012 WL 1231985, at \*4; *see also Sullivan v. Commissioner*, T.C. Memo. 2019-153, at \*11–12.

Upon review of petitioner's IRS account transcripts, the AO ascertained that petitioner had not filed federal income tax returns for 2018 through 2021 and was not current with his estimated tax payments. The record shows, and petitioner acknowledges, that the AO repeatedly advised petitioner that he needed to cure these defects, but petitioner did not submit the requested returns or evidence that he had made his estimated tax payments. That being so, the AO's refusal to accept collection alternatives proposed by petitioner during the CDP proceeding was not an abuse of discretion.

The record reflects that the AO satisfied the procedural requirements imposed by section 6330, and petitioner does not suggest otherwise. It follows that respondent's determination to proceed with

**[*5]** collection of petitioner's 2016 tax liability in accordance with the notice of determination is sustained.[2]

To reflect the foregoing,

*An appropriate decision will be entered.*

---

[2] We note that petitioner is free to come into filing compliance and submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an installment agreement or a request for currently not collectible status, supported by the requisite documentation and proof of compliance with tax laws.