# United States Tax Court

T.C. Memo. 2024-63

STEVEN J. SCHWARTZ,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 480-21L.                                    Filed June 3, 2024.

————

*Stephen P. Kauffman* and *Terry L. Goddard, Jr.*, for petitioner.

*Victoria E. Cvek*, *Jim Liang*, and *Nancy M. Gilmore*, for respondent.

## MEMORANDUM OPINION

MARSHALL, *Judge*: This is a collection due process (CDP) case brought pursuant to section 6330(d),[1] in which petitioner asks this Court to review the determination by the Internal Revenue Service (IRS) Independent Office of Appeals (IRS Appeals)[2] to deny petitioner's request for a collection alternative related to income tax liabilities for tax years 2015,[3] 2016, and 2017. Respondent filed a Motion for

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2] Before July 1, 2019, the IRS Independent Office of Appeals was known as the IRS Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[3] Petitioner has a pending Tax Court case assigned Docket No. 25213-21L, in which he is disputing a notice of determination concerning collection action for tax

[*2] Summary Judgment (Motion), and for the reasons discussed below, we will grant respondent's Motion.

## *Background*

The following facts are derived from the parties' pleadings, the Declaration in Support of Motion for Summary Judgment attached to respondent's Motion, and the Exhibits attached to petitioner's Response and Memorandum in Opposition to Respondent's Motion for Summary Judgment. Petitioner appears to have resided in Florida, and to have often traveled to Maryland where his family resided, when he timely filed the Petition.

I.     *Petitioner's Federal Income Tax Liabilities*

A.     *2015*

On October 7, 2016, petitioner and his wife jointly filed a tax return for the 2015 tax year. The return reported total tax due of $143,056, which was not timely paid in full. Respondent also imposed an addition to tax for late payment, pursuant to section 6651(a)(2), and interest charges. As of December 26, 2022, petitioner owed $3,888 plus interest of $555 and addition to tax accruals of $134, totaling $4,577, for the 2015 tax year.

B.     *2016*

On October 16, 2017, petitioner filed his 2016 tax return as married filing separate. On the tax return, petitioner reported total tax due of $142,150, which was not timely paid in full. Respondent also imposed an addition to tax for late payment, pursuant to section 6651(a)(2), and interest charges. As of December 26, 2022, petitioner owed $46,149, plus interest of $6,593 and addition to tax accruals of $502, totaling $53,244, for the 2016 tax year.

---

years 2013, 2014, and 2015. The underlying liability for tax year 2015 in that case is based on an agreed additional assessment for which petitioner's spouse was granted spousal relief. This assessment was the result of a previous Tax Court case assigned Docket No. 18538-17. That liability is reflected on a separate account transcript. The underlying liability for tax year 2015 in the present case is a joint liability based on the joint income tax return filed by petitioner and his spouse and is a different liability from that at issue in the case at Docket No. 25213-21L.

**[\*3]** C.  *2017*

On October 15, 2018, petitioner filed his 2017 tax return as married filing separate. On the tax return, petitioner reported total tax due of $140,013, which was not timely paid in full. Respondent also imposed an addition to tax for late payment pursuant to section 6651(a)(2), an addition to tax for failure to pay estimated tax pursuant to section 6654, and interest charges. As of December 26, 2022, petitioner owed $29,592, plus interest of $4,227 and addition to tax accruals of $3,322, totaling $37,142, for the 2017 tax year.

II.  *Levy Notices and CDP Request*

On May 27, 2019, respondent issued to petitioner levy notices advising him that he had a balance due and a right to request a CDP hearing with IRS Appeals.

Petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, and requested a collection alternative.[4] Specifically, on line 8 of the Form 12153 petitioner checked the collection alternative boxes for an installment agreement, an offer-in-compromise, and inability to pay the balance. Petitioner also stated on the form: "Need to verify amounts owed and would like to explore collection alternative options in conjunction with ongoing collection alternative discussions for other periods. Taxpayer asserts periods have not been properly assessed."

---

[4] There appears to be some ambiguity in the record about how and when the 2017 tax year came to be included in petitioner's CDP hearing. The parties do not dispute whether the 2017 tax year was included in petitioner's CDP hearing or otherwise address this ambiguity, and therefore we do not consider it further. We note, however, that we have jurisdiction over the 2017 tax year. *See Atl. Pac. Mgmt. Grp., LLC v. Commissioner*, 152 T.C. 330, 333 (2019) ("In deciding whether we have jurisdiction we will not look behind a notice of determination, or lack of notice, to determine whether a hearing was fair or even whether the taxpayer was given an appropriate hearing opportunity."); *Lunsford v. Commissioner*, 117 T.C. 159, 164 (2001) ("Our jurisdiction under section 6330(d)(1)(A) is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition."); *see also Shirley v. Commissioner*, T.C. Memo. 2014-10, at \*13–14 ("One of the three notices of determination in issue included those liabilities for those years, for which there was already a CDP hearing. Even though [the taxpayer] was not entitled to a second CDP hearing for those liabilities for those years, we have jurisdiction to determine whether the Appeals officer abused his discretion for those years.").

[*4]   On September 13, 2019, the case was assigned to a settlement officer (SO1), and SO1 confirmed that she had no prior involvement with petitioner in either IRS Appeals or any other IRS function for the types of taxes and tax years associated with the CDP case. In her notes to the administrative record, SO1 states that she also verified that all legal procedures were followed, petitioner's rights were not violated, and notice and demand was made within 60 days of assessment.

SO1 scheduled a telephonic CDP hearing with petitioner for October 15, 2019, and requested that he submit Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and financial information to substantiate the items stated on that form. Petitioner's representative faxed the requested information to SO1 the day before the scheduled hearing. However, when the CDP hearing began, SO1 stated that she had not received the requested information. SO1 also informed petitioner's representative that petitioner's 2018 income tax return had not been filed. Petitioner's representative did not dispute the underlying liability during the teleconference. Because SO1 had not received or reviewed the relevant financial information, the parties rescheduled the hearing to November 14, 2019. The rescheduled hearing did not occur.

As discussed, petitioner's representative faxed the Form 433–A and supporting documents to SO1 the day before the October 15, 2019, telephonic CDP hearing. On the Form 433–A petitioner stated that he had the ability to pay $34 per month. On March 27, 2020, SO1 reviewed the Form 433–A and supporting documents. Based on her review of the provided financial information and the allowable expense table, she determined that petitioner could pay $9,147 per month. SO1 noted that she needed a profit and loss statement from petitioner's business and income verification for petitioner's spouse. She also noted that petitioner had not filed his 2018 income tax return.

On June 17, 2020, SO1 sent petitioner a Letter 4000, Collection Due Process Last Chance Letter, requesting additional information, including a business profit and loss statement, pay stubs for petitioner's spouse, verification of state taxes paid, and verification of estimated tax payments year to date. SO1 also stated that petitioner was required to file his 2018 income tax return. SO1 required petitioner's representative to respond within 14 days or the case would be closed. On July 30, 2020, petitioner's representative sent SO1 some of the requested information and noted that petitioner's 2018 income tax return was not completed but that it would be filed within the next two weeks.

**[\*5]**    On October 27, 2020, SO1 informed petitioner's representative that petitioner was not in compliance with filing his 2018 and 2019 income tax returns and therefore she was unable to offer a collection alternative. She requested signed copies of the returns for both years within 24 hours or she would close the case. On October 29, 2020, petitioner's representative stated that he would contact petitioner and inform SO1 by November 2, 2020, whether the 2018 and 2019 income tax returns were filed. Petitioner's representative did not follow up with SO1, and on November 4, 2020, she sent the case to her manager for closing.

On December 2, 2020, petitioner's representative sent an email to SO1 requesting the status of the case. She responded that the case was closed because he did not provide the information requested and she was unable to provide a collection alternative because of petitioner's noncompliance with filing his returns. Additionally, SO1 denied petitioner's representative's request for a 45-day extension. On December 14, 2020, petitioner mailed his 2018 and 2019 income tax returns to respondent. On December 16, 2020, petitioner's representative faxed SO1 copies of the 2018 and 2019 income tax returns.[5] Petitioner's 2019 tax year account transcript indicates that petitioner filed the 2019 income tax return on December 24, 2020, but that respondent processed the return on July 4, 2022.

On January 8, 2021, SO1's Appeals team manager issued to petitioner a Notice of Determination Concerning Collection Action(s) under IRC Sections 6320 or 6330 (Notice of Determination), sustaining the proposed collection action.

III.    *Tax Court Proceedings*

On February 4, 2021, petitioner filed the Petition. In the Petition, petitioner asserts that respondent erred in that he (1) failed to properly determine whether the proposed collection action balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary, (2) abused his discretion in concluding that petitioner did not meet the compliance

---

[5] Respondent does not dispute that the 2018 income tax return was eventually filed. As discussed *infra* Part I.E., on August 17, 2021, this case was remanded to IRS Appeals. After the remand, the settlement officer (SO) who reviewed petitioner's file on September 17, 2021, indicated in the case activity record that petitioner was not in filing compliance because he had not filed the 2019 income tax return. *See* Decl. in Supp. of Mot. for Summ. J. Ex. C, at 6.

[*6] requirements, (3) incorrectly concluded that petitioner failed to submit appropriate documentation to support discussing a collection alternative, (4) incorrectly determined that no collection alternative could be reached, and (5) based his conclusions on an inaccurate account of petitioner's efforts to comply with respondent's requests and that respondent abused his discretion by imposing arbitrary and unreasonable deadlines in the case. Petitioner did not challenge his underlying liability.

On August 10, 2021, respondent filed a Motion to Remand providing two reasons to remand the case to IRS Appeals. First, respondent stated that the rescheduled November 14, 2019, CDP hearing did not occur and was not rescheduled. Additionally, respondent noted that the SO could not offer a collection alternative because petitioner was not in compliance with filing his returns, and therefore a supplemental hearing would provide petitioner with "additional time to prepare the returns requested." On August 17, 2021, the Court granted the Motion to Remand.

IV.  *Supplemental CDP Hearing*

The supplemental CDP hearing was assigned to another settlement officer (SO2). SO2 confirmed that he had no prior involvement with petitioner in either IRS Appeals or any other IRS function for the types of taxes and tax years associated with the CDP case. SO2 also verified that all legal procedures were followed, petitioner's rights were not violated, and notice and demand was made within 60 days of assessment. The supplemental CDP hearing was scheduled for October 14, 2021.

On October 11, 2021, petitioner's representative provided SO2 with a Form 433–A, three months of bank statements, and a statement of earnings for one pay period. SO2 reviewed that information and determined that petitioner could pay $23,770 per month. He also noted that petitioner had not yet filed his 2019 income tax return and that his 2020 income tax return was coming due. SO2 also noted that he needed additional information on the equity in petitioner's property in Baltimore that was foreclosed on and that petitioner had not provided certain bank statements.

During the October 14, 2021, supplemental CDP hearing, petitioner's representative did not dispute petitioner's underlying liability. Petitioner's representative stated that petitioner was

[*7] requesting an installment agreement but did not provide an amount. SO2 raised petitioner's failure to file his 2019 income tax return and that his 2020 income tax return was due the following day. SO2 also stated that petitioner needed to correct his withholding or start making estimated tax payments.

The parties also discussed the financial information that petitioner provided to IRS Appeals. Petitioner's representative explained to SO2 that petitioner had a second property in Baltimore, which was foreclosed on, and that petitioner had no equity in the property. SO2 noted that petitioner had an ability to make a lump-sum payment from his education and retirement accounts. Petitioner's representative stated that petitioner could not liquidate the education account. SO2 also requested substantiation for certain expenses, including child and dependent care, delinquent state taxes, and health care. Petitioner's representative agreed to provide SO2 this substantiation.

After the teleconference, however, petitioner did not substantiate delinquent state taxes, health care expenses, or his minor child's school expenses. Petitioner's representative provided SO2 with certain other substantiation and an unsigned copy of petitioner's 2019 income tax return; and he acknowledged that petitioner's 2020 income tax return was not completed. SO2 considered the additional information and substantiation that petitioner's representative provided after the teleconference and determined that, even if he allowed unsubstantiated expenses for health care, insurance, and petitioner's minor child's expenses, his ability to pay would be $14,139 per month, which would fully pay his liability before the collection statute expiration date.

SO2 also determined that, because petitioner was not in filing and payment compliance, he did not qualify for a collection alternative, such as an installment agreement. As a result, SO2 sustained the proposed levy. Thereafter, on April 1, 2022, SO2's Appeals team manager issued to petitioner a Supplemental Notice of Determination Concerning Collection Actions under IRC Sections 6320 or 6330, sustaining the proposed levy. Petitioner did not challenge his underlying liability during his initial or supplemental CDP hearing or in his Petition.

### Discussion

The issue for decision is whether IRS Appeals abused its discretion in sustaining the proposed collection action.

**[\*8]** I.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(a)(2), we may grant summary judgment when there is no genuine dispute as to any material facts and a decision may be rendered as a matter of law. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that it is entitled to judgment as a matter of law. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74–75 (2001). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand*, 98 T.C. at 520. However, the nonmoving party may not rest upon the mere allegations or denials in its pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *Sundstrand*, 98 T.C. at 520.

II.    *Standard of Review*

We have jurisdiction to review IRS Appeals' determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where, as here, the underlying tax liability is not at issue, we review the determination of IRS Appeals for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). When this Court remands a case to IRS Appeals and there is a supplemental determination, we review the supplemental determination. *Hoyle v. Commissioner*, 136 T.C. 463, 467–68 (2011), *supplementing* 131 T.C. 197 (2008).

In reviewing for abuse of discretion we must uphold IRS Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320; *Taylor v. Commissioner*, T.C. Memo. 2009-27, 97 T.C.M (CCH) 1109, 1116. We do not substitute our judgment for that of IRS Appeals but consider "whether, in the course of making its determination, the [IRS] Appeals Office complied with the legal requirements of an administrative hearing." *Charnas v. Commissioner*, T.C. Memo. 2015-153, at \*7.

[*9] III.   *Abuse of Discretion*

In deciding whether IRS Appeals abused its discretion, we consider whether SO2 (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." *See* § 6330(c)(3).

A.   *Verification*

Before issuing a notice of determination, IRS Appeals must verify that all requirements of applicable law and administrative procedure have been met. § 6330(c)(1), (3)(A). We have authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *Hoyle*, 131 T.C. at 200–03.

Petitioner did not assert in his Petition that SO2 failed to satisfy this requirement, and he has not directed this Court's attention to any facts that would support such a finding. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Friendship Creative Printers Inc. v. Commissioner*, T.C. Memo. 2021-19, at *14. Petitioner is deemed to have conceded this issue.

B.   *Issues Raised*

Petitioner sets forth several assignments of error in the Petition. Most can be distilled into an overarching argument that respondent abused his discretion by refusing to consider petitioner's collection alternative because petitioner was not in compliance with his tax return filing and payment obligations. Petitioner faults SO1's delayed and sporadic communication coupled with her imposition of "arbitrary and unreasonable deadlines" for his current position. Petitioner asserts in his Motion that, if SO1 had properly communicated with him and allowed more reasonable deadlines, she would have discovered that his 2018 and 2019 income tax returns had been filed before she issued the Notice of Determination. Thus petitioner argues that, if those errors had not occurred, SO1 would have determined that petitioner was in compliance with his filing obligations and then she could have considered his collection alternative. Petitioner's argument ignores that this Court remanded the case to IRS Appeals, in part, to address his filing compliance and that, once the case was returned to IRS Appeals,

[*10] petitioner remained out of compliance because he did not file his 2020 income tax return before the extended filing deadline or even while IRS Appeals was considering the proposed levy.

This Court has consistently held that an SO does not abuse his discretion in rejecting a collection alternative where he finds that the taxpayer is not in current compliance with tax laws. *See Balsamo v. Commissioner*, T.C. Memo. 2012-109, 103 T.C.M. (CCH) 1601, 1604 (citing *Giamelli v. Commissioner*, 129 T.C. 107, 111–12 (2007)); *see also Sullivan v. Commissioner*, T.C. Memo. 2019-153, at *11–12. IRS Appeals' refusal to consider a collection alternative where the taxpayer has a history of noncompliance and is not in compliance with current tax obligations is consistent with the requirements of the applicable regulations. *See* Treas. Reg. § 301.6330-1(d)(2), Q&A-D8 ("The IRS does not consider offers to compromise from taxpayers who have not filed required returns or have not made certain required deposits of tax . . . .").

The core of petitioner's argument that respondent abused his discretion is that it appeared that he was noncompliant in filing his 2018 and 2019 tax returns because of the IRS's and SO1's errors and delay. He asserts that the IRS's failure to process the 2019 return until July 4, 2022, SO1's delayed communications, and her imposition of arbitrary and unreasonable deadlines compounded the issue and resulted in her mistaken belief that he had not filed the 2019 tax return. The communication issue that petitioner complains of was not one sided. The case activity record and the Notice of Determination indicate that petitioner and his representative were also slow to respond to SO1's information requests. Nonetheless, this Court ordered the case remanded to IRS Appeals to afford petitioner a supplemental CDP hearing. In the Motion to Remand, respondent stated that one of his bases for remanding the case to IRS Appeals was to provide petitioner with "additional time to prepare the returns requested."

On remand, SO2 reviewed petitioner's financial information and initially determined that petitioner had the ability to pay $23,770 per month. He also noted that petitioner's 2019 tax return was not filed and that his 2020 tax return was due the day following the October 14, 2021, supplemental CDP hearing, i.e., on October 15, 2021. After the supplemental CDP hearing, petitioner's representative provided SO2 with additional substantiation for certain expenses. During November and December 2021, SO2 considered the additional information and substantiation that petitioner's representative provided and determined that, even if he allowed unsubstantiated expenses for health care,

**[\*11]** insurance, and petitioner's minor child's expenses, his ability to pay would be $14,139 per month. However, SO2 noted that petitioner was still not in filing and payment compliance.

On November 18, 2021, petitioner's representative faxed additional information to SO2 and acknowledged that petitioner's 2020 tax return was not completed. Thus, the uncontroverted fact is that petitioner was not in filing compliance for his 2020 tax return because he did not file it before the extended filing deadline or even while SO2 was conducting petitioner's supplemental CDP hearing. Irrespective of the IRS's 18-month delay in processing the 2019 tax return[6] and SO2's mistaken belief that it had not been filed, petitioner does not dispute that the 2020 tax return was not filed within the extended filing deadline or while SO2 considered proposed collection alternatives.[7] Accordingly, because petitioner was not in current compliance with tax laws, SO2 did not abuse his discretion in rejecting petitioner's collection alternative on this basis. *See Giamelli*, 129 T.C. at 111–12; *Balsamo*, 103 T.C.M. (CCH) at 1604.

### C.    *Balancing*

Section 6330(c)(3)(C) requires that the IRS Appeals officer consider whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. SO2 considered the proposed collection action, petitioner's outstanding balance, and petitioner's failure to verify that all delinquent tax returns were filed, and concluded that petitioner did not qualify for an installment agreement. Accordingly, SO2 determined that the collection action was no more intrusive than necessary. The record supports SO2's conclusion, and the Court concludes that he did not abuse his discretion.

### D.    *Conclusion*

We conclude that no genuine dispute of material fact remains and hold that respondent is entitled to judgment as a matter of law that there was no abuse of discretion in the determination to reject

---

[6] The reason for respondent's delay in processing the 2019 income tax return is unclear in the pleadings.

[7] Indeed, petitioner's tax return for the 2020 tax year still had not been filed when the Court held a hearing on respondent's Motion in February 2023.

**[*12]** petitioner's collection alternative and sustain the proposed levy. Accordingly, we will grant respondent's Motion.

We have considered all other arguments made and facts presented in reaching our decision and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*