T.C. Memo. 2008-227

UNITED STATES TAX COURT

JAMES R. RUTHERFORD AND LINDA L. RUTHERFORD, Petitioners  <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No.  25729-06L.          Filed October 8, 2008.

<u>Christopher A. Colvert</u>, for petitioners.

<u>Marilyn Ames</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This action was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 (notice of determination) with respect
to petitioners' 1992, 1993, and 1994 Federal income tax
liabilities.  The issue for decision is whether it was an abuse
of discretion to send a notice of determination without extending

the time for petitioners to submit financial information.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas at the time that their petition was filed.

Petitioners jointly filed Forms 1040, U.S. Individual Income Tax Return, for 1992, 1993, and 1994 reporting taxes due in the amounts of $8,834, $6,966, and $4,121, respectively.  Petitioners failed to pay the reported liabilities.

The Internal Revenue Service (IRS) assessed the liabilities shown on petitioners' income tax returns for 1992, 1993, and 1994, on August 13, 1994, May 1, 1995, and May 8, 1995, respectively.

On October 27, 1995, the IRS accepted an offer-in-compromise with respect to petitioners' liabilities for 1986 through 1991 and the taxes shown on the returns filed by petitioners for 1992, 1993, and 1994.  Under the terms of the compromise, petitioners were required to pay a total of $41,668 plus interest. Petitioners failed to make the payments.  On August 14, 1996, the IRS declared the offer-in-compromise in default.

On December 12, 1997, the IRS filed notices of Federal tax liens for the then-outstanding tax liabilities of petitioners. Petitioners paid the liabilities, and the liens were released on January 20, 1999.

On December 2, 1997, a notice of deficiency was sent to petitioners for 1992, 1993, and 1994, determining deficiencies in tax totaling $293,057 and penalties and additions to tax totaling $130,179 under sections 6651(a)(1) and 6662(a).

Petitioners filed a petition with this Court in response to the December 2, 1997, notice of deficiency. On December 7, 2000, the Court entered a decision, pursuant to the agreement of the parties, determining that petitioners owed:  (1) Deficiencies in income taxes for the taxable years 1992, 1993, and 1994 in the amounts of $123,063, $161,648, and $8,346, respectively; (2) additions to tax for the taxable years 1992 and 1993, under the provisions of section 6651(a)(1) in the amounts of $30,979 and $40,579, respectively; and (3) penalties for the taxable years 1992, 1993, and 1994 under the provisions of section 6662 in the amounts of $24,613, $32,330, and $1,669, respectively.  On February 6, 2001, the liabilities reflected in the Tax Court decision were assessed.

On June 16, 2006, the IRS filed a notice of Federal tax lien for petitioners' 1992, 1993, and 1994 tax liabilities and sent petitioners a Notice of Federal Tax Lien Filing and Your Right to

a Hearing Under IRC 6320.  On June 22, 2006, the IRS sent petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to their liabilities for 1992, 1993, and 1994.

Petitioners timely requested a hearing under section 6330. In a letter dated September 18, 2006, the hearing process was explained to them.  The hearing was held on October 31, 2006. Petitioner James Rutherford (petitioner) appeared at the hearing with experienced tax counsel.  During the hearing, petitioner raised a defense based on the previous offer-in-compromise.  The Appeals settlement officer refused to discuss the underlying liabilities because of the prior opportunity to dispute them. The Appeals settlement officer requested that petitioner submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, in order to evaluate his financial situation and consider collection alternatives. Petitioner was not prepared to discuss collection alternatives. Petitioner, acting on advice of counsel, had not presented financial information.  His counsel told petitioner:

> We're not going to present any paperwork, we're not going to do nothing, we're just going to get through this process, through this step, and then we're going to go file a petition and go to federal court and fight the merits and fight the entire case at federal court, not at this level, so at this time we just need to go and do the process and get it past here and get to the federal court.

The Appeals settlement officer told petitioner that he had to provide the financial information that same day as part of the hearing.

On November 9, 2006, the Appeals Office sent the notice of determination to petitioners. The notice summarized the issues raised by the taxpayers and the conclusion reached as follows:

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax at the hearing. In the request for a hearing the taxpayer states "Taxes were extinguished by accepted and paid offer in compromise. Taxpayers qualify for alternative collection method."

\*        \*        \*        \*        \*        \*        \*

During the face-to-face hearing the taxpayer raised the issue of the accepted offer in compromise. He stated the IRS had accepted the offer, filed a tax lien on the amount of the accepted offer when he was unable to comply with its terms, and released the tax lien when the balance was paid. Once the lien was released, the IRS had no right to assess additional taxes.

\*        \*        \*        \*        \*        \*        \*

The taxpayer stated he was not prepared to discuss collection alternatives at the hearing. His issue was the assessment of the additional tax liabilities, which he continues to believe was unfair. He stated he is currently unable to pay the balance due in full and would consider other options. One option he will consider is the filing of an Offer in Compromise. The taxpayer was advised of the new requirements for the processing fee and payment requirements. Another option he will consider is the filing of bankruptcy. This option was not discussed.

The taxpayer raised no other issues during the hearing.

**BALANCING THE NEED FOR EFFICIENT COLLECTION WITH THE TAXPAYER'S CONCERN THAT COLLECTION ACTION BE NO MORE INTRUSIVE THAN NECESSARY**

IRC Section § 6333(c)(3)(C) [6330(c)(3)(C)] requires that the Settlement Officer determine if the proposed levy action and the filed Notice of Federal Tax Lien balances the need for efficient collection of the taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. The tax liabilities are legally due and owing. No financial documents were provided. Therefore, the Settlement Officer had insufficient information to determine if the taxpayer qualified for a collection alternative such as an installment agreement or offer in compromise. Therefore, it is my determination that the levy and the lien balance the need for efficient tax collection with the taxpayer's concern that such action be no more intrusive than necessary. The proposed levy action and the filing of the Notice of Federal Tax Lien are sustained.

OPINION

Petitioners argue that it was an abuse of discretion for the Appeals settlement officer not to recognize that petitioners were receiving ineffective assistance of counsel and not to allow petitioners additional time to submit the required financial information. Petitioners assert:

The record in this case demonstrates that this controversy has been dragging on for over 10 years prior to the CDP hearing. It is manifestly unreasonable and arbitrary and capricious and an abuse of discretion not to allow taxpayers even 1 additional day in which to present the information necessary to resolve this case.

Respondent argues that: (1) It is unreasonable to expect the Appeals settlement officer to assess the adequacy of counsel's advice to a taxpayer; (2) based on their prior

experience, petitioners were well aware of the requirement of providing financial information for consideration of an offer-in-compromise; and (3) petitioners failed to provide the information after the deadline passed.

We cannot conclude on this record that petitioners were not adequately advised by counsel.  Petitioner's testimony suggests that there were strategic reasons for not producing the financial information at the hearing, and the decision not to produce "paperwork" was a deliberate one.  We will not speculate as to the reasons for counsel's advice, and the Appeals settlement officer was certainly not in a position to inquire into the reasons for counsel's advice to petitioners.  Neither reason nor authority supports petitioners' arguments based on alleged ineffectiveness of counsel.

Petitioners have invoked our jurisdiction under section 6330(d) to review the notice of determination sent to them with respect to the notice of tax lien filing and the proposed levies to collect their long-outstanding tax liabilities.  Petitioners cite relevant authorities, but those authorities do not support their position.  As petitioners acknowledge, the notice of determination is reviewed by this Court for abuse of discretion, which is defined as action that was arbitrary, capricious, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  Under section 6320(b)(2), taxpayers are

entitled to only one hearing with respect to taxable years in dispute. See sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs. Petitioners had sufficient time to prepare for the hearing, were advised by experienced tax counsel, and had experience with respect to the financial information required to support an offer-in-compromise. They appeared at the hearing unprepared and unwilling to discuss collection alternatives. The only argument raised at the hearing was that the prior offer-in-compromise somehow affected the underlying tax liabilities. Petitioners have now abandoned that argument, which appears to have no merit.

Petitioners are seeking an opportunity to reverse course, abandon the strategy that they and their counsel adopted in relation to the hearing, and further delay collection of the liabilities that, as petitioners acknowledge, had accrued over a period in excess of 10 years. Through the time of trial petitioners had not presented the financial information necessary to resolve their tax liabilities without enforced collection. It was not unreasonable for the Appeals settlement officer to set a deadline, and not continuing the hearing cannot be characterized as arbitrary, capricious, or without sound basis in fact or law. In Roman v. Commissioner, T.C. Memo. 2004-20, we stated:

> No statutory or regulatory provision requires that
> taxpayers be afforded an unlimited opportunity to
> supplement the administrative record. * * * The

statute only requires that a taxpayer be given a reasonable chance to be heard prior to the issuance of a notice of determination.

Petitioners had that chance.  To reflect the foregoing,

<u>Decision will be entered for respondent</u>.