# United States Tax Court

T.C. Memo. 2025-104

HORIZON HEALTH SERVICES, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 9133-24L.                          Filed October 8, 2025.

_____

Cynthia E. Oshodi (an officer), for petitioner.

*Susan A. Bechtel* and *Victoria E. Cvek*, for respondent.

MEMORANDUM OPINION

WAY, *Judge*: In this collection due process (CDP) case, Horizon Health Services, Inc. (Horizon or petitioner), seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of a Notice of Determination Concerning Collection Actions dated May 21, 2024, in which the Internal Revenue Service (IRS or respondent) Independent Office of Appeals (Appeals) upheld the filing of a Notice of Federal Tax Lien (NFTL). The Notice of Determination relates to an unpaid income tax liability for the tax year ending December 31, 2018, and to unpaid employment tax liabilities for the tax quarter ending June 30, 2022 (Q2 2022). Respondent filed a Motion for Summary Judgment under Rule 121, contending that the Appeals officer (AO) did not abuse his discretion in sustaining the NFTL filing.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]** For the reasons discussed below, the Court will grant respondent's Motion for Summary Judgment.

## Background

The following facts are drawn from the parties' pleadings, respondent's Motion, petitioner's Response to that Motion, and the administrative record of the CDP proceeding. *See* Rule 121(c). These facts are stated solely for the purpose of deciding respondent's Motion and should not be construed as findings of fact. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioner's principal place of business was in Maryland when the Petition was timely filed with this Court.[2]

On July 28, 2022, respondent issued petitioner a Notice of Deficiency relating to petitioner's 2018 corporate income tax. Horizon did not pay the deficiency, nor did it petition the Tax Court to challenge the deficiency.

On March 3, 2023, respondent filed the NFTL. On March 7, 2023, respondent sent petitioner a notice of filing of the NFTL advising petitioner of its rights to a CDP hearing. That notice of filing informed Horizon that its unpaid income tax and employment tax liabilities formed the basis for the federal tax lien.[3]

On April 13, 2023, Horizon timely requested a CDP hearing seeking a collection alternative, such as an installment agreement or offer-in-compromise (OIC), because of financial hardship and inability to pay. The IRS subsequently assigned the CDP case to AO Greg Clark (AO Clark), who had no prior involvement with petitioner for the periods and tax types involved.

On July 26, 2023, AO Clark sent petitioner a letter scheduling a CDP hearing for August 17, 2023, and requested certain financial information to aid in considering a collection alternative. The letter also

---

[2] Absent stipulation to the contrary, this case is thus appealable to the U.S. Court of Appeals for the Fourth Circuit. *See* § 7482(b)(1)(G)(ii), (2).

[3] The original NFTL tax liabilities included its 2018 income tax liability, its 2019 employment tax liabilities, its Q3 2020 employment tax liability, and its Q2 2022 employment tax liability. Ultimately, the IRS reduced the hearing to concern only Horizon's 2018 income tax liability and its Q2 2022 employment tax liability. The AO had discovered that the other periods had been included in previously issued NFTLs and had erroneously been included in the NFTL at issue in this case; petitioner did not dispute the removal of those liabilities from the CDP hearing.

**[\*3]** asked petitioner for a signed income tax return for 2021 and a signed unemployment tax return for 2022, which were delinquent.

A telephone CDP hearing occurred on the scheduled date. Petitioner did not provide the requested documentation to AO Clark for his consideration. During the hearing, petitioner's counsel reiterated that the sole issue was consideration of a collection alternative. Petitioner did not challenge the underlying tax liabilities during the CDP hearing. AO Clark agreed to allow petitioner until September 7, 2023, to submit the requested financial information along with evidence of petitioner's having filed the delinquent returns. Horizon neither provided the requested financial information nor filed the delinquent returns.

Around February 6, 2024, petitioner submitted Form 656, Offer in Compromise.[4] On February 12, 2024, the IRS received it. The IRS faxed that form to AO Clark on February 22, 2024. Petitioner, again, did not provide the requested financial information or signed copies of its delinquent tax returns.

On April 17, 2024, the IRS sent petitioner a letter returning its OIC because its returns remained unfiled. On May 21, 2024, the IRS sent petitioner the Notice of Determination. In that letter, the IRS provided petitioner the basis for the final determination and listed the legal and procedural requirements it followed, the issues petitioner raised, and a statement regarding the balancing of the efficient collection of taxes with petitioner's legitimate concerns of the collection action's being no more intrusive than necessary.

*Discussion*

I.  *General Principles*

A.  *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). The Court may grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 121(a)(2). In deciding whether to

---

[4] The OIC included the tax periods at issue in the NFTL as well as other periods not at issue.

[*4] grant a motion seeking summary judgment, the Court is to view factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520.

The Court concludes that summary judgment is proper here because respondent has shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. *See* Rule 121(a)(2); *Beery v. Commissioner*, 122 T.C. 184, 187 (2004).

B.      *Jurisdiction and Standard of Review*

The Court has jurisdiction to review the Commissioner's determinations in lien and levy actions. *See* §§ 6320(c), 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, the Court reviews the determination regarding the liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). All other determinations are reviewed for abuse of discretion.[5] *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182.

Under section 6330(c)(2)(B), a taxpayer may raise an issue as to the existence or amount of the liability during a CDP hearing if the taxpayer did not receive a notice of deficiency concerning the liability at issue or did not have a prior opportunity to dispute the liability. If raised at the CDP hearing, such liability issues are reviewed de novo by this Court. *See Perkins v. Commissioner*, 129 T.C. 58, 63 (2007); Treas. Reg. § 301.6320-1(f)(2); *see also Kazmi v. Commissioner*, T.C. Memo. 2022-13, at *9. If a taxpayer does not challenge the tax liability at the hearing, the proper standard of review is for abuse of discretion. *See Sego*, 114 T.C. at 610.

Horizon does not dispute that it received a Notice of Deficiency for its 2018 income tax liability. Additionally, with respect to its unpaid employment tax liability for Q2 2022, Horizon did not raise the underlying tax liability as an issue at its CDP hearing. Accordingly, the appropriate standard of review is abuse of discretion.

---

[5] Petitioner, citing *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022), contends that, pursuant to section 6330(d), the Court must review this matter de novo. However, petitioner misinterprets the holding in *Boechler* by conflating this Court's jurisdictional authority to hear CDP cases with the standard applied to review CDP cases.

**[\*5]** II.     *Analysis*

In reviewing for abuse of discretion, the Court must uphold the AO's determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See, e.g.*, *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *LG Kendrick, LLC v. Commissioner*, T.C. Memo. 2016-22, at \*11–12, *aff'd*, 684 F. App'x 744 (10th Cir. 2017). Matters raised after a hearing do not reflect on whether the Commissioner's determination was an abuse of discretion. *Sego*, 114 T.C. at 612.

To determine whether an AO abused his discretion, the Court evaluates whether the settlement officer (1) properly verified that the requirements of applicable law or administrative procedure were met, (2) considered the relevant issues raised by the taxpayer, and (3) balanced the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. *See* §§ 6320(c), 6330(c)(3); *Lunsford v. Commissioner*, 117 T.C. 183, 184 (2001).

A.     *Verification*

Under section 6330(c)(1), the AO shall verify that the requirements of any applicable law or administrative procedure have been met, and this serves as part of the basis for Appeals' final determination. § 6330(c)(3)(A). Regardless of whether the taxpayer raised an issue regarding verification during the CDP hearing, the Court retains authority to review whether the verification requirement has been satisfied. *Casement v. Commissioner*, T.C. Memo 2024-68, at \*7 (citing *Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011)).

The record reflects that AO Clark reviewed petitioner's case file to verify that all legal and administrative procedure requirements had been met before establishing a date for the hearing.

AO Clark verified that respondent mailed petitioner a Notice of Deficiency regarding its 2018 corporate tax year and that petitioner did not challenge the receipt of that notice. Moreover, AO Clark verified that the assessments were valid, the notice and demand was sent to petitioner for each CDP period, he had no prior involvement, and there was a balance due at the time of filing the NFTL.

**[\*6]**    The Court concludes that AO Clark properly verified that all of the applicable requirements were met.

B.    *Issues Raised*

Appeals' determination must take into account "issues raised" by the taxpayer during the hearing. § 6330(c)(3)(B). The statute further prescribes that a taxpayer may raise any relevant issue relating to the unpaid tax. § 6330(c)(2)(A). In particular, the statute provides that "offers of collection alternatives" are included within the "relevant issue[s] relating to the unpaid tax." § 6330(c)(2)(A)(iii).

However, once having raised the issue of a collection alternative, a taxpayer bears certain obligations to provide requested financial information to Appeals. Treas. Reg. § 301.6320-1(e)(1) ("Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for [the Appeals officer's] consideration of the facts and issues involved in the hearing."). There is no abuse of discretion in closing a CDP case after receiving no timely response from a taxpayer following the setting of a reasonable deadline. *See Shanley v. Commissioner*, T.C. Memo. 2009-17, 97 T.C.M. (CCH) 1062, 1065–66.

Furthermore, this Court has consistently held that the IRS does not abuse its discretion in rejecting a collection alternative where it finds that the taxpayer is not in current compliance with tax laws. *See Balsamo v. Commissioner*, T.C. Memo. 2012-109, 103 T.C.M. (CCH) 1601, 1604 (citing *Giamelli v. Commissioner*, 129 T.C. 107, 111–12 (2007)); *see also Sullivan v. Commissioner*, T.C. Memo. 2019-153, at \*11–12.

The sole issue petitioner raised at the CDP hearing concerned collection alternatives. Specifically, petitioner narrowed the sole issue to consideration of an OIC. Indeed, petitioner provided an OIC to AO Clark.

However, petitioner failed to submit Form 433–B, Collection Information Statement for Businesses, alongside the OIC. Furthermore, petitioner never provided proof that it had filed its delinquent returns, proof that estimated tax payments are paid in full for the year to date, proof of timely depositing federal tax payments for the current quarter, copies of bank statements, and a complete copy of its last filed federal corporate income tax return.

**[\*7]** Petitioner argues that it was negatively affected during the CDP process by "ineffective assistance of counsel." Petitioner contends that this ineffective counsel precluded AO Clark from "mak[ing] an effective review of Taxpayer's offer." Assuming that were the case, ineffective assistance from counsel does not bear upon an AO's review and determination as to whether an AO abused his discretion. *See Rutherford v. Commissioner*, T.C. Memo. 2008-227, 96 T.C.M. (CCH) 220, 222 (discussing the purview of an AO's role regarding the assistance a taxpayer receives during the hearing).

### C. *Balancing Efficient Collection vs. Taxpayer's Concern*

The third and final basis for Appeals' final determination is whether the collection action balances the need for the efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary. *See* § 6330(c)(3)(C). The relief petitioner sought was a collection alternative. In the final determination, AO Clark explained that "[b]ecause [Horizon] is not in compliance with filing requirements [Horizon] is not eligible for any collection alternative." Thus, AO Clark appropriately balanced the need for efficient tax collection with Horizon's legitimate concern that any collection action be no more intrusive than necessary.

## III. *Conclusion*

On the basis of the foregoing, the Court concludes that AO Clark did not abuse his discretion in sustaining the NFTL filing. Accordingly, respondent's Motion for Summary Judgment will be granted. All other contentions raised by the parties—to the extent not discussed—are found to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*